# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>AUDREY KING, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:13-cv-01658-SKO (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTIONS 1981 AND 1983<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

### **Screening Order**

**I.    Screening Requirement and Standard**

Plaintiff Archie Cranford, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. §§ 1981 and 1983 on October 15, 2013.

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572

1  F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual
2  allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

3  Pro se litigants are entitled to have their pleadings liberally construed and to have any
4  doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe*
5  *v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to
6  survive screening, which requires sufficient factual detail to allow the Court to reasonably infer
7  that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation
8  marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer
9  possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability
10 falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks
11 omitted); *Moss*, 572 F.3d at 969.

## II.  Discussion

13 Plaintiff is a civil detainee at Coalinga State Hospital ("CSH") in Coalinga, California, and
14 he brings this suit against CSH employees Audrey King, Kathleen Obrien, Juliana Reyes, Tina M.
15 Adams, Kuljit Bains, Blanca Uranga, Ebony Smith, Christy Beeler, Lisa Sansinena, Janessia
16 Seats, Alexandra Pullin, Christine Apondi, and Alexandra Pullin.  Plaintiff alleges that his federal
17 rights under sections 1981 and 1983 were violated by the named defendants, and Plaintiff seeks
18 damages and the termination of Defendants' employment and the revocation of their professional
19 licenses as relief.

20 Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or
21 other federal rights by persons acting under color of state law.  *Nurre v. Whitehead*, 580 F.3d
22 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006);
23 *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  As a civil detainee, Plaintiff is entitled to
24 treatment more considerate than that afforded pretrial detainees or convicted criminals.  *Jones v.*
25 *Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004).  Plaintiff's right to constitutionally adequate
26 conditions of confinement is protected by the substantive component of the Due Process Clause.
27 *Youngberg v. Romeo*, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982).

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." *Youngberg*, 457 U.S. at 321.  Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. *Youngberg*, 457 U.S. at 321-22.  A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 322-23; *compare Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the *Youngberg* standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed).  The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." *Ammons v. Washington Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1029 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2379 (2012) (citations and internal quotation marks omitted).

In this case, Plaintiff's myriad of somewhat confusing, inarticulately pled claims arise out of (1) employees' failure to allow him to carry nitroglycerin pills on him at all times, pursuant to an outside doctor's order, and (2) racial discrimination against him.[1]

First, Plaintiff may not pursue unrelated claims against unrelated employees in one action. Fed. R. Civ. P. 18(a), 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980).  At this juncture, the Court is unable to determine which claims may be properly joined in this action, but Plaintiff is warned that this one civil rights suit may not be treated as a forum for unrelated claims. If Plaintiff fails to cure this deficiency by clarifying the factual bases for his claims and omitting those claims which are not properly joined, the Court will *sua sponte* sever the claims it determines are unrelated.

---

[1] Plaintiff, who is white, alleges that black detainees were treated more favorably.

3

Next, with respect to Plaintiff's medical care claims, Plaintiff's allegations fall short of supporting a claim that his federal rights were violated. *Youngberg*, 457 U.S. at 322-23. The mere fact that staff did not follow an outside physician's order does not suffice to support a claim under section 1983. *Id.* Assuming Plaintiff may be able to amend and state a cognizable claim for relief, he is further informed that supervisory, managerial, and/or executive staff members such as Defendant King may not be held liable under section 1983 based on vicarious liability, or *respondeat superior*.[2]  *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013).

Finally, with respect to Plaintiff's discrimination claims, Plaintiff's attempt to seek redress under section 1981 fails as a matter of law given the absence of any facts supporting a claim based on discrimination in the making or enforcement of contracts, *Pittman v. Oregon, Employment Dept.*, 509 F.3d 1065, 1067 (9th Cir. 2007), and Plaintiff has not alleged sufficient facts to support a claim under section 1983 arising out of differential treatment of similarly situated detainees, *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under sections 1981 and 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct.

---

[2] The Court takes judicial notice of the fact that Audrey King is the Acting Executive Director of CSH.

4

2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 20, 2014**                                **/s/ Sheila K. Oberto**
                                                                              UNITED STATES MAGISTRATE JUDGE